UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:25-CR-006 |
| Plaintiff, | : | |
| | : | JUDGE BLACK |
| v. | : | |
| | : | **PROTECTIVE ORDER** |
| CHARLES E. JONES and | : | **REGARDING DISCOVERY** |
| MICHAEL DOWLING, | : | |
| | : | |
| Defendants. | : | |
| | : | |

WHEREAS, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Maryland v. Brady*, 373 U.S. 83 (1963) and its progeny, and 18 U.S.C. § 3500, the government will provide materials to the defendants Charles E. Jones and Michael Dowling in the course of the discovery process in this case (hereafter "Discovery Materials"), which may include, but are not limited to, copies of recordings made by witnesses and victims, financial records of third parties, grand jury materials, interviews, reports, photographs, writings, or other materials related to the underlying investigation of this case;

WHEREAS, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Mr. Jones and Mr. Dowling will likewise provide Discovery Materials to the government in the course of the discovery process in this case;

WHEREAS, the government, Mr. Jones and Mr. Dowling represent that the Discovery Materials include information, the dissemination of which outside of these proceedings could adversely affect law enforcement interests; the privacy interests of Mr. Jones, Mr. Dowling, third parties, and witnesses; and, as asserted by the defendants, Mr. Jones and Mr. Dowling's constitutional rights;

WHEREAS, the government, Mr. Jones and Mr. Dowling have a compelling interest in preventing some of the aforementioned Discovery Materials from being disclosed to anyone who is not a party to the court proceedings in this matter, as such material may include information relevant to ongoing investigations and prosecutions; such materials may implicate Mr. Jones and Mr. Dowling's constitutional rights; and such materials may implicate the privacy interests of Mr. Jones, Mr. Dowling, third parties, and witnesses;

WHEREAS, the Court has the power under Fed. R. Crim. P. 16(d)(1) to grant appropriate relief to the parties where required in the interests of justice;

IT IS ORDERED that:

1. Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the government, Mr. Jones, and Mr. Dowling shall segregate the Discovery Materials into three categories: (1) Tier 1 Discovery Materials, (2) Tier 2 Discovery Materials, and (3) Tier 3 Discovery Materials. The category to which particular discovery materials belong shall be clearly identified by the party producing the material.

2. Tier 1 Discovery Materials are defined as materials obtained through publicly available sources, are otherwise in the public domain, and/or the dissemination of which under the terms of this protective order is not likely to adversely affect law enforcement interests, Mr. Jones and Mr. Dowling's constitutional rights, and the privacy interests of Mr. Jones, Mr. Dowling, third parties, and witnesses.

3. Tier 2 Discovery Materials are defined as materials that are neither Tier 1 Discovery Materials nor otherwise designated as falling into the category of Tier 3 Discovery Materials, which are sensitive, as described below. Typically, Tier 2 Discovery Materials will include materials or information provided by third parties pursuant to grand

jury subpoenas or other legal processes or agreements, such as certain recordings, business records, messages, emails, and certain agent reports.

4. Tier 3 Discovery Materials are defined as sensitive materials or information that involve, refer, or relate to sensitive investigatory techniques or information, the disclosure of which, would reveal the sensitive investigative methods used by law enforcement in complex corruption investigations, and/or could implicate Mr. Jones or Mr. Dowling's constitutional rights, and/or identify or reveal sensitive information about Mr. Jones, Mr. Dowling, or third parties (such as witnesses/victims), and/or about other criminal investigations.[1]

5. "Tier 3 Attorneys' Eyes Only Discovery Materials" is a subset of "Tier 3 Discovery Materials," and consists of information obtained from electronic devices in the government's possession, which has been filtered for potentially privileged material, but may contain other sensitive information, such as personal or financial information. (The government will later produce "hot documents" from these devices, which will be marked as Tier 3 Discovery Material without the "Attorney's Eyes Only" designation.)

6. The government, Mr. Jones, and Mr. Dowling shall mark items provided as Discovery Materials in a manner that clearly identifies the category into which the material falls.

7. The "Defense Teams" are defined as (i) the defendants Charles E. Jones and

---

[1] Limited portions of certain Tier 2 and Tier 3 Discovery Materials were made public through *United States v. Householder et al.,* 20-CR-77; however, the parties in this matter, third parties, and witnesses have a continuing interest in protecting from dissemination further information and context relating to these materials at this time. The limited portions made public through the prior proceeding are contained in the trial exhibits and are available for public inspection from the clerk's office.

Michael Dowling; (ii) counsel of record for the defendants and their staff members (associates, paralegals, investigators, litigation support personnel, and legal assistants/secretarial staff); and (iii) experts, consultants, and investigators retained to assist in the preparation of the defense. The "Defense Teams" do not include individuals or entities joined pursuant to a Joint Defense Agreement or other similar agreement to share defense resources and/or strategy with other Defense Teams or uncharged third parties (hereinafter, "Joint Defense Agreement").

8. "Disseminate" means to provide, show, or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom. Disseminate also includes disclosing the identity or probable identity of a confidential witness (*e.g.*, an informant, confidential source, undercover agent) or individual or entity not charged in this case, where identifying information was derived from discovery materials.

9. Tier 1 Discovery Materials may be disseminated by the Defense Teams and the government subject to the limitations in paragraph 17.

10. Tier 2 Discovery Materials shall not be further disseminated by any member of the government or the Defense Teams to any individuals, organizations, or other entities outside the government or the Defense Teams, except that members of the government and the Defense Teams, but not the defendants, may show (but not provide copies of) any Tier 2 Discovery Materials to witnesses or potential witnesses during the course of their investigation of this case. Tier 2 Discovery Materials may not be left in the possession of witnesses or potential witnesses.

11. Tier 3 Discovery Materials may be shared with members of the government

or the Defense Teams. Tier 3 Discovery Materials shall not be further disseminated by any member of the government or the Defense Teams to any individuals, organizations, or other entities. This includes, but is not limited to, a prohibition against dissemination of any Tier 3 Discovery Materials to witnesses or potential witnesses, and a prohibition against dissemination of any Tier 3 Discovery Materials pursuant to any Joint Defense Agreement with individuals, organizations, or other entities outside the government or the Defense Teams.

12. Tier 3 Attorneys' Eyes Only Discovery Materials have the same restrictions as Tier 3 Discovery Materials, with the added limitation that such materials may only be viewed by counsel of record for the Defendants and counsel's staff members (associates, paralegals, investigators, litigation support personnel, and legal assistants/secretarial staff), and may not be shared with Defendants or other Defense Team members, due to the sensitive information such materials may contain.

13. If the party receiving discovery materials objects to the tier designation of the discovery materials, the receiving party must contact the producing party in attempt to resolve the issue. If the parties cannot agree on the tier designation, after attempts to resolve the issue, a party in this matter challenging the tier designation, through counsel of record, may seek relief from the producing party's designation (or a re-designation) as to a particular item of discovery by filing a motion with the Court. The producing party shall be given an opportunity to respond to the motion. Once the motion is filed, no further dissemination of the item(s) shall be made until after the Court rules on the motion. Prior to the conclusion of any trial of this matter, no one who is not a party to the court proceedings in this matter shall have standing to challenge the designation (or re-designation) of any Discovery Materials.

14. Each member of the Defense Teams to whom disclosure is made pursuant to the terms of this Order shall be provided a copy of this Order and will be advised that he or she shall not further disseminate the materials, except as provided herein. No Discovery Materials shall be disseminated to any member of the Defense Teams, as defined above, expert witness retained by the Defense Teams, or any duly authorized witness unless that person shall first have signed the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The signed Acknowledgment shall be filed with the Court under seal. The substitution, departure, or removal for any reason from this case of counsel for the defendants, expert witnesses, or anyone associated with the Defense Teams shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order.

15. Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place, such that the Discovery Materials cannot be accessed by others not on the Defense Teams.

16. The Discovery Materials in this case produced by the government are now and will forever remain the property of the United States government. At the conclusion of this case, all Discovery Materials produced by the government shall be destroyed. Upon written request of the government, all Discovery Materials produced by the government not previously destroyed shall be returned to the government.

17. All Discovery Materials are to be provided to counsel of record for the government, Mr. Jones, and Mr. Dowling and used by them and the Defense Teams solely for the purpose of prosecuting this case and allowing the defendants to prepare their defense to the charges in the above-referenced criminal case. Discovery Materials may only be used,

produced, or disseminated as set forth in this Protective Order. The government, defendants and Defense Teams shall not make, or participate in the making of, any disclosure of Discovery Materials in any other proceeding. The government, defendants and Defense Teams shall not make, or participate in the making of, any extrajudicial disclosure of Discovery Materials for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain. Tier 2, Tier 3, and Tier 3 Attorneys' Eyes Only Discovery Materials attached to Court filings as exhibits shall be filed under seal.

18. The producing party is responsible for correctly identifying into which of the above categories it or he believes the Discovery Materials fall. The producing party is also responsible for properly marking the Discovery Materials in a clear manner to identify the category in which the Discovery Materials were placed by the producing party. The government, defendants and the Defense Teams may rely on each other's category identifications of the Discovery Materials unless and until modified by the Court's order. Moreover, the receiving party has no obligation to determine the category into which the Discovery Materials belong or may belong.

19. Nothing in this Order shall preclude the government or the defendants from seeking a further Protective Order pursuant to Rule 16(d) as to particular items of Discovery Materials. This Order is entered without prejudice to any party's right to seek a revision of the Order by appropriate motion to the Court.

**SO ORDERED:**

_2/6/2025_  
DATE

*Timothy S. Black* (signature)

HONORABLE TIMOTHY S. BLACK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

Appendix A

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he or she has read the Protective Order entered in the United States District Court for the Southern District of Ohio in the case captioned <u>United States v. Jones, et al.</u>, Criminal No. 1:25-cr-006, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use, disclose, or disseminate any documents or information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

DATED: _____    BY: _____
                                                     (type or print name)


SIGNED: _____