IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:25-cr-00006 |
|---|---|---|
| Plaintiff, | ) | JUDGE TIMOTHY S. BLACK |
| v. | ) | |
| MICHAEL DOWLING, *et al.*, | ) | **DEFENDANT MICHAEL DOWLING'S REPLY IN SUPPORT OF THE MOTION FOR A BILL OF PARTICULARS** |
| Defendants. | ) | |

Understanding the high standard for a bill of particulars to be granted in federal court, Mr. Dowling narrowly tailored his request to six categories of information related to his purported violation of 18 U.S.C. § 1512:

(a) the specific provision(s) within § 1512 that Mr. Dowling is alleged to have violated;

(b) the manner and method by which the government contends Mr. Dowling is responsible for the alleged "missing" messages;

(c) the type or format of messages (*e.g.*, text, calendar, notes, etc.) alleged to be "missing" from the iPhone;

(d) the date(s) on which the messages "relevant to the federal investigation" are alleged to have gone "missing,";

(e) identify the "others" the government contends Mr. Dowling directed to destroy, conceal, and alter information as alleged in ¶ 36.V. of the Indictment; and,

(f) the earliest date the government contends Mr. Dowling knew of the initiation of an official proceeding and the nature of such official proceeding.

The government's response brief addresses categories (a) and (e), conceding the need for Mr. Dowling's motion. But the government refuses to provide any particularity in response to the remaining four categories, which are required for Mr. Dowling to comprehend the "nature of the charge" in order to avoid surprise, protect against double jeopardy, and allow Mr. Dowling to sufficiently prepare his defense in this case. *United States v. Phillips*, No. 1:11-CR-00180, 2011 WL 3704114, at *2 (N.D. Ohio Aug. 22, 2011) ("The test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise."). Thus, the government's response does nothing to assuage the need for a bill of particulars in this case.

What the government ignores is that the Indictment's predicate racketeering act alleges that a cell phone containing "less than 6,000 messages"[1] somehow violates Section 1512(c). Yet Section 1512(c) prohibits "corruptly" "alter[ing], destroy[ing], mutilate[ing], or conceal[ing] a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding." 18 U.S.C. § 1512(c). Mr. Dowling's outstanding requests seek this precise

---

[1] The Indictment alleges the following:

> It was part of the conspiracy that JONES and DOWLING attempted to and did conceal their actions in furtherance of the conspiracy by destroying, concealing, and altering information and directing others to do the same. (Indictment, ECF No. 4, at PageID 63: ¶ 36.V.).
>
> Following the federal complaint in *United States v. Householder*, 1:20-cr-00077 (S.D. Ohio) and federal grand jury subpoenas served on FirstEnergy, DOWLING's iPhone 10 was imaged on or about July 24, 2020 at the direction of FirstEnergy and the phone was returned to DOWLING. DOWLING's iPhone 10 contained less than 6,000 messages at the time DOWLING gave the phone to FirstEnergy for imaging. Communications between DOWLING and JONES and others relevant to the federal investigation were missing from the phone when it was imaged. (Indictment, ECF No. 4, at PageID 86: ¶ 110) (Emphasis added).

6849242.4
6849242.4

information. Nothing in the Indictment specifies: (a) any conduct Mr. Dowling committed (i.e., "alter[ing], destroy[ing], mutilate[ing], or conceal[ing]"); (b) the date on which any alleged records went missing that constitutes a violation; (c) or the date the government contends Mr. Dowling knew of an official proceeding. Without these particulars, Mr. Dowling is unable to understand how he could have committed this predicate racketeering act, which if proven, could sustain a RICO conspiracy conviction. *United States v. Lewis*, No. 19-6148, 2022 WL 216571, at *4 (6th Cir. Jan. 25, 2022). Thus, the need remains for these particulars in order to adequately prepare a defense, avoid surprise, and mitigate the risk of double jeopardy. *United States v. Ackell*, No. 15-CR-123-JL, 2016 WL 6407840, at *3 (D.N.H. Oct. 28, 2016), aff'd, 907 F.3d 67 (1st Cir. 2018) (noting that the court properly ordered a bill of particulars that included a list of text messages and electronic communications comprising the course of conduct).

      Rather than addressing the cases cited in Mr. Dowling's motion, the government relies on *United States v. Mills* – a case that is inapt. (ECF No. 37 at PageID 223). In *Mills*, the court rejected an overly broad demand for a bill of particulars that included requests on how **overt acts** related to a conspiracy. *United States v. Mills*, No. 16-CR-20460, 2019 WL 1915762, at *5-6 (E.D. Mich. Apr. 30, 2019). Here, Mr. Dowling does not seek information related to an **overt act**, but rather information concerning one of the four **predicate racketeering acts** - Section 1512. (ECF No. 4 at PageID 36: ¶ 36.V.; 86: ¶ 110; ECF No. 37 at PageID 214); 18 U.S.C. § 1961(1); *see also United States v. Mills*, No. 16-CR-20460, 2018 WL 5306947, at *3 (E.D. Mich. Oct. 26, 2018) (agreeing with the government that there is a difference between overt acts and racketeering acts, because the former cannot always be used to prove a RICO conspiracy). Therefore, ordering the government to provide the requested particularity

regarding the Section 1512 predicate racketeering act is not improper. *See United States v. Adan*, No. 3:10-CR-00260, 2012 WL 715611, at *13 (M.D. Tenn. Mar. 1, 2012) (citations omitted) (finding further clarification was needed concerning a complex conspiracy as to the dates and places where each defendant joined the conspiracies and when they committed the alleged offenses); *United States v. Mohammad*, No. 1:10-CR-389, 2012 WL 4483544, at *10 (N.D. Ohio Sept. 27, 2012) (granting a request for a bill of particulars in part by requiring the government to identify the dates and places in which the defendant "is alleged to have committed any offenses that were in furtherance of the conspiracy.").

The government's contention that perhaps the information can be gleaned through discovery does not resolve the issue. (ECF No. 37 at PageID 222). When discovery is voluminous – as will be here[2] –a defendant cannot be left to find the needle in the haystack. *See United States v. Kestner*, No. 3:19-CR-00095-4, 2022 WL 526487, at *6 (M.D. Tenn. Feb. 22, 2022) (ordering the government to identify the alleged false information contained within billing and claims without requiring them to explain how it believes the information was false); *United States v. Nachamie*, 91 F. Supp. 2d 565, 571 (S.D.N.Y. 2000) (finding a bill of particulars appropriate where the government produced "over 200,000 pieces of paper in hundreds of boxes and files" and the indictment did not identify which claims were fraudulent); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (granting a motion for a bill of particulars where "some 4,000 documents" were produced but the defendants were still left guessing as to which

---

[2] The government made its initial production on March 19, 2025. However, the government and defendants are engaging in meet-and-confer discussions regarding issues with that initial discovery production that is delaying the defendants' ability to efficiently upload the discovery records into a review platform.

burglaries were staged and which documents were false). And unlike here, it would not be necessary to provide a bill of particulars where sufficient details actually exist in the indictment. *United States v. Elhorr*, No. 13-20158, 2014 WL 551502, at *3 (E.D. Mich. Oct. 31, 2014) (denying a request for a bill of particulars where the indictment included the "initials of the beneficiary who purportedly received services, the approximate date of the purported service, a description of the item billed, and the approximate amount billed to Medicare."). However, by alleging Section 1512 as a racketeering act without the necessary particulars to sufficiently describe the nature of the offense, Mr. Dowling is left wondering how he could have committed the act.

In short, the government's arguments in refusing to provide the remaining particulars fall flat. No justification supports preventing a limited bill of particulars that provides Mr. Dowling with the nature of the alleged racketeering act so that he could adequately prepare a defense, avoid surprise at trial, and prevent facing double jeopardy. Moreover, ordering the limited particulars would neither prejudice the government as it does not attempt to delve into its case strategies nor add any burden because the request focuses on a single act – the alleged violation of 18 U.S.C. § 1512. For these reasons, Mr. Dowling respectfully requests that this Court direct the government to file a bill of particulars related to these remaining categories:

> (b) the manner and method by which the government contends Mr. Dowling is responsible for the alleged "missing" messages;
>
> (c) the type or format of messages (*e.g.*, text, calendar, notes, etc.) alleged to be "missing" from the iPhone;
>
> (d) the date(s) on which the messages "relevant to the federal investigation" are alleged to have gone "missing,";

5

6849242.4
6849242.4

(f) the earliest date the government contends Mr. Dowling knew of the initiation of an official proceeding and the nature of such official proceeding.

Respectfully submitted,

*/s/ John F. McCaffrey*
John F. McCaffrey (0039486)
Hannah M. Smith (0090870)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.696.3486
Facsimile: 216.592.5009
Email: john.mccaffrey@tuckerellis.com
hannah.smith@tuckerellis.com

Steven Grimes (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: 312.558.5600
Facsimile: 312.558.5700
Email: sgrimes@winston.com

*Attorneys for Defendant Michael Dowling*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ John F. McCaffrey*
John F. McCaffrey (0039486)

*One of the Attorneys for Defendant Michael J. Dowling*
